IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEBORAH FARMER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 3:16-cv-00340-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Deborah Farmer brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g) and § 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On February 9, 2012, plaintiff applied for DIB. She applied for SSI benefits the following day. Plaintiff alleged disability beginning February 19, 2009, due to depression with anxiety, PTSD, diabetes, obesity, asthma, migraines, and polycystic ovarian syndrome.

Plaintiff's applications were denied initially and upon reconsideration. On May 23, 2014, plaintiff appeared at a hearing before an ALJ. The ALJ found plaintiff not disabled in a written decision issued June 19, 2014. After the Appeals Council denied review, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date. 20 C.F.R. §§ 404.1520(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: "depression with anxiety; post-traumatic stress disorder; diabetes mellitus; obesity; asthma; gastroesophageal reflux disease; migraine headaches; and polycystic ovarian syndrome." Tr. 12; 20 C.F.R. §§ 404.1520 *et seq.* and 416.921 *et seq.*

At step three, the ALJ determined plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months and therefore does not have a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1521 *et seq.* and 416.921 *et seq.*

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ then assessed plaintiff residual functional capacity ("RFC") as follows:

> If I found the claimant's mental impairment to be severe, the claimant would have the residual function capacity to perform a full range of work at all exertional levels but with the following nonextertional limitations: only occasional, brief, superficial interaction with co-worker and the public; and no over the shoulder supervision.

Tr. 19.

After considering plaintiff's RFC, the ALJ concluded plaintiff could not perform any of her past relevant work. 20 C.F.R. §§ 404.1565 and 416.965. At step five, however, the ALJ found that plaintiff could perform work existing in the national economy; specifically, plaintiff could work as a hand packager, janitorial or cleanup worker, or a laundry worker. 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a). Accordingly, the ALJ found plaintiff not disabled and denied her applications for benefits.

## DISCUSSION

Plaintiff contends the ALJ committed reversible error at six places in the five-step analysis. First, plaintiff asserts the ALJ failed to give clear and convincing reasons for discounting plaintiff's testimony, and erred in rejecting the lay testimony of plaintiff's sister. Plaintiff further avers that the ALJ erred at step two of the analysis, when it found that none of plaintiff's medically determinable impairments were severe. Fourth, plaintiff states that the ALJ erred in the RFC assessment. Fifth, plaintiff argues that the Commissioner did not meet his burden of proving that plaintiff retains the ability to perform work in the national economy. Finally, plaintiff assigns error to the ALJ's failure to independently develop the record regarding plaintiff's mental impairments.

I.  *Rejection of Plaintiff's Testimony*

Plaintiff first contends that the ALJ erred by not giving clear and convincing reasons for rejecting plaintiff's testimony. When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general

assertion that the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ gives specific reasons for not giving full credibility to plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms. The ALJ's primary reason for only partially crediting plaintiff's testimony is that evidence of plaintiff's daily activities shows fewer limitations than plaintiff alleges. Specifically, the ALJ noted testimony from plaintiff which indicated that she attends church bible study three times a week and coordinates one of the sessions. She drives herself to church, the bank, and the grocery store. Despite her social phobia plaintiff goes door to door for her church. Further, plaintiff testified that she could do various chores such as cooking, some cleaning, and paying bills. She shops, uses a computer, and cares for her cat. Finally the ALJ observed that in 2012, plaintiff cared for her grandniece, for which she was paid $300 monthly.

Plaintiff further assigns error to the ALJ's statement that plaintiff had not attended counseling. Plaintiff reports several reasons for not accessing mental health treatment, including not wanting to attend appointments where she knows other people, temporary gaps in health insurance coverage, and periodically struggling with anxiety about leaving her house in general. Not accessing treatment for her self-reported mental health issues during the times she was covered by health insurance is a permissible consideration under Social Security rulings:

"Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and 'unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.' *Fair*, 885 F.2d at 603; *see also Thomas*, 278 F.3d at 958–59." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). It is reasonable for the ALJ to conclude that when plaintiff regularly accesses treatment for other symptoms and reports a variety of weekly activities such as bible studies and general errands, the persistent lack of mental health treatment is "inadequately explained," and therefore a relevant consideration bearing on plaintiff's credibility. *Id.*

Plaintiff further avers that the ALJ failed to consider that plaintiff's reported daily activities are not continuous, and that her symptoms may vary in intensity, persistence, or limitations. However, the record shows that the ALJ did consider that plaintiff's activities are only done "sometimes," "occasionally," or "at times," and that she reports that she "often" needs assistance, and explicitly stated that this evidence was considered in the ALJ's decision. Tr. 14. Thus, the ALJ expressly considered that plaintiff's reported daily activities are not continuous.

II.   *Consideration of Lay Evidence*

Plaintiff secondly asserts that the ALJ erred in its consideration of the lay witness testimony of her sister, Ms. Farmer. In general, "lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment." *Nguyen v. Cater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis omitted). This is because "[a]n eyewitness can often tell whether someone is suffering or merely malingering," particularly if the witness "view[s] the claimant on a daily basis[.]" *Dodrill*, 12 F.3d at 919. An ALJ may discount lay witness testimony only by providing

reasons that are "germane" to each witness. *Id.* However, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation omitted).

In its report, the ALJ took Ms. Farmer's testimony into consideration, and gave it "some weight." Tr. 18. However, the ALJ declined to give it full credibility, pointing to both plaintiff's weekly activities and the medical evidence, which it determined showed fewer limitations than those described by Ms. Farmer. Tr. 18. For instance, Ms. Farmer wrote that plaintiff's symptoms were so severe that standing and sleeping were difficult. Tr. 18. However, plaintiff's self-reported activities did not corroborate such significant impairment, and no medical evidence in the record indicated such limitation. Tr. 18. Plaintiff argues primarily that because the lay witness testimony is consistent with plaintiff's testimony, the lay witness testimony should be credited. However, the ALJ did not disregard the lay witness testimony without comment, but rather considered it as is required under the Act.

III. *Step Two: Finding Plaintiff's Impairments Not Severe*

Plaintiff states that the ALJ erred by not finding any of plaintiff's medically determinable impairments severe. Plaintiff's argument is that even if she did not suffer from a single severe condition, there was evidence in the record showing her combination of impairments prevented her from engaging in gainful employment on a sustained basis. Physically, plaintiff points to the several migraines that she experiences every month, mild peripheral neuropathy in her left foot, very mild diabetic retinopathy impacting her vision, periodic unexplained nausea and mild body pains, and blood sugar fluctuations. Psychologically, plaintiff points to a variety of problems

caused by anxiety. Plaintiff argues that the ALJ must consider the combined effect of all of these non-severe symptoms and conditions when determining the severity of her impairment.

While the ALJ's decision does not contain an explicit discussion of the interactions between plaintiff's impairments or symptoms, the ALJ noted several times that it considered plaintiff's impairments both individually and in combination. This is sufficient to show that the ALJ considered plaintiff's impairments in combination. *See Samples v. Comm'r of Soc. Sec. Admin.*, 466 F. App'x 584, 586 (9th Cir. 2012). ("The ALJ was required to consider [claimant's] impairments in combination throughout the disability determination process and determine if her impairments met or equaled one of the listed impairments.... The record reflects that the ALJ did so, even if he did not discuss explicitly the interaction between her physical impairments and her mental impairments. The ALJ not only noted that he was required to consider her impairments in combination, but stated explicitly in two places that he had done so." (internal citation omitted))

IV. *RFC Assessment*

Plaintiff assigns error to the ALJ's RFC assessment in that the ALJ specifically failed to address the consequences of plaintiff's migraines, dizziness, vision problems, diminished sensations in her feet, and various problems associated with her anxiety. Although the ALJ did not find any of plaintiff's impairments severe, the ALJ assessed that even if "the claimant's mental impairments were severe, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: only occasional, brief, superficial interaction with co-workers and the public; and no over the shoulder supervision." Tr. 19.

The RFC is the maximum a claimant can do despite her limitations. 20 C.F.R. § 404.1545. In determining the RFC, the ALJ must consider limitations imposed by all of a

claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. Only limitations supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

The ALJ's decision considered each of the impairments and conditions that plaintiff argues the ALJ failed to address. The ALJ noted that plaintiff reports two or three migraines per month. The report also states that plaintiff was admitted to the emergency room several times in 2012 after siblings reported that she was dizzy and confused. The ALJ also considered plaintiff's "very mild retinopathy" in her right eye, noting that her doctor did not assess any limitations from this condition. Tr. 15. The report also stated that plaintiff describes episodes of "slipping out of reality," and other anxiety-related symptoms, and that she has been treated with anti-anxiety medications. Tr. 14.

The ALJ's decision does not specifically mention diminished sensation in plaintiff's feet. However, this is not automatically error. The ALJ need not mention every possible symptom in its RFC assessment, and only limitations supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). The ALJ noted that there was no medical evidence of "diabetes-related limitations, such as neuropathy or kidney disease." Tr. 15. The ALJ also considered plaintiff's reported activities using her feet, including weekly walking, chores, errands, and driving.

Evidence of diminished sensation in plaintiff's foot consists of a 2012 emergency room report which states that plaintiff experienced "[t]ingling on the top of her feet especially while walking," and had daily sensory changes in her feet. Tr. 385. In 2013, plaintiff's doctor reported that she had mildly diminished sensation in her left foot. Tr. 3539. In neither case did the doctor

note any limitations in walking or movement, nor recommend any treatment or follow-up regarding the foot sensations. Thus, there is not substantial evidence in the record of limitations from diminished sensation in plaintiff's feet that would necessitate its inclusion in the RFC.

V.   *Plaintiff's Ability to Perform Work in the National Economy*

At step five of the analysis, the burden of proof shifts to the Commissioner to "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [her] limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g); 20 C.F.R. §§ 404.1566, 416.966. In so doing, the ALJ must consider the claimant's RFC as applied to the Dictionary of Occupational Titles ("DOT"), and the vocational factors of age, education, and work experience. *Id.*

Plaintiff argues that the Commissioner failed to meet his burden of proving at step five that plaintiff retains the ability to perform other work in the national economy. Plaintiff assigns error specifically to the ALJ's failure to include some of plaintiff's self-reported limitations based on migraines, anxiety, vision changes, periods of vertigo, periodic pain from several causes, and sensory changes in her feet, stating that the hypothetical posed to the vocational expert (the "VE") to determine whether the plaintiff can perform other work in the national economy must consider all limitations supported by the record. *Id.*

The ALJ, however, gave only partial credibility to plaintiff's testimony about the limiting effects of her symptoms. The hypothetical posed to the VE need not include limitations which the ALJ has found to be non-credible or accorded diminished evidentiary weight, so long as the ALJ makes specific findings explaining why the limitations were not probative, and therefore omitted. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-96 (9th Cir. 2004)).

Because I have found that the ALJ did not err in finding plaintiff's testimony only partially credible, plaintiff's argument here necessarily fails as a reason for assigning error to the hypothetical posed to the VE and the resulting step five determination that plaintiff would be able to perform the requirements of several occupations existing in the national economy.

VI.  *Further Developing the Record*

Plaintiff argues that the ALJ erred in failing to develop the record regarding plaintiff's mental health symptoms. Plaintiff avers that information in the record is insufficient to "determine the extent of Ms. Farmer's mental impairment..." which therefore triggers the ALJ's duty to develop the record further. Pl.'s Br. in Support of Compl. for Review (doc 31 at 20). Plaintiff argues that ALJ should have order consultative psychological examination.

The claimant bears the burden of proving the existence or extent of an impairment, such that the ALJ's limited "duty to further develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). A claimant's burden to prove their disability "...requires the presentation of 'complete and detailed objective medical reports of her condition from licensed medical professionals.' *Id.*" *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

An ALJ has a duty to fully and fairly develop the record to the extent necessary to assure that the claimant's interests are considered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However, "[n]o authority suggests that the regulations require the ALJ to continue developing the record until disability is established; the regulations require only that the ALJ assist the claimant in developing a complete record." *Hampton v. Astrue*, 2009 WL 2351703 at *11 (D. Or. July 27, 2009) (citing *Bowen*, 482 U.S. at 146 (1987)).

Here, plaintiff does not point to any ambiguous or contradictory evidence in the record. Instead, plaintiff's argument rests on the alleged lack of evidence sufficient to determine the extent of plaintiff's mental impairment. However, the record contains evidence that was sufficient for the ALJ to find that plaintiff had several medically determinable mental impairments including depression with anxiety and post-traumatic stress disorder. The ALJ's decision considers mental health diagnoses based on reports from three physicians from 2008 through 2013. The ALJ also discussed evidence in the record that plaintiff's doctor prescribed her anti-depression medication in 2010, which she voluntarily stopped taking when she no longer needed it. The ALJ also cited plaintiff's doctor's prescription of anti-anxiety medication in 2013.

Additionally, the ALJ looked at evidence in the record relevant to her level of impairment in the areas of daily living, social functioning, concentration, persistence, pace, and episodes of decompensation, citing specific evidence in the record showing her level of functioning in each area. Further, the record contains evidence that in 2012, the state reviewing physician evaluated plaintiff's mental health by reviewing plaintiff's medical and non-medical records, and examining plaintiff. The ALJ found based on the evidence in the record that plaintiff's mental impairments caused mild to no actual impairment in the above functional areas, and thereby concluded that her mental impairment is non-severe. *Id.* at 18, 20 CFR 404.1520a (d)(1) and 416.920a (d)(1).

Even if plaintiff had pointed to specific ambiguities in the record, in the absence of harmful error we defer to the ALJ's interpretation: "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1037 (9th Cir. 2008) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)). The record here contained sufficient information about plaintiff's mental impairments by which the ALJ was able

Here, plaintiff does not point to any ambiguous or contradictory evidence in the record. Instead, plaintiff's argument rests on the alleged lack of evidence sufficient to determine the extent of plaintiff's mental impairment. However, the record contains evidence that was sufficient for the ALJ to find that plaintiff had several medically determinable mental impairments including depression with anxiety and post-traumatic stress disorder. The ALJ's decision considers mental health diagnoses based on reports from three physicians from 2008 through 2013. The ALJ also discussed evidence in the record that plaintiff's doctor prescribed her anti-depression medication in 2010, which she voluntarily stopped taking when she no longer needed it. The ALJ also cited plaintiff's doctor's prescription of anti-anxiety medication in 2013.

Additionally, the ALJ looked at evidence in the record relevant to her level of impairment in the areas of daily living, social functioning, concentration, persistence, pace, and episodes of decompensation, citing specific evidence in the record showing her level of functioning in each area. Further, the record contains evidence that in 2012, the state reviewing physician evaluated plaintiff's mental health by reviewing plaintiff's medical and non-medical records, and examining plaintiff. The ALJ found based on the evidence in the record that plaintiff's mental impairments caused mild to no actual impairment in the above functional areas, and thereby concluded that her mental impairment is non-severe. *Id.* at 18, 20 CFR 404.1520a (d)(1) and 416.920a (d)(1).

Even if plaintiff had pointed to specific ambiguities in the record, in the absence of harmful error we defer to the ALJ's interpretation: "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1037 (9th Cir. 2008) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)). The record here contained sufficient information about plaintiff's mental impairments by which the ALJ was able

to make its determinations, citing specific evidence for its findings. For that reason, the record was adequate for proper analysis of the evidence, and the ALJ had no further duty to develop the record.

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 25 day of January 2018.

                                              Ann Aiken
                                   United States District Judge